Michael S. Somsan, SBN 022036
Jeffrey Kastner, SBN 021159
COMMUNITY LEGAL SERVICES
305 South 2nd Avenue
Phoenix, Arizona 85003-2402
(602) 258-3434, Ext. 2780
(602) 254-3957 FAX
E-Mail: msomsan@clsaz.org
jkastner@clsaz.org

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Waleska Gonzalez,<br><br>    Plaintiff,<br><br>vs.<br><br>Maricopa County Board of Supervisors; Housing Authority Of Maricopa County; and Gloria Munoz, in her official capacity as Executive Director of the Housing Authority of Maricopa County,<br><br>    Defendants. | Case No.:<br><br>VERIFIED COMPLAINT<br>FOR DECLARATORY AND<br>INJUNCTIVE RELIEF AND DAMAGES,<br>AND DEMAND FOR JURY TRIAL |

## **PRELIMINARY STATEMENT**

This is an action for injunctive, declaratory and monetary relief brought on behalf of Ms. Waleska Gonzalez (herein referred to as "Plaintiff"). Plaintiff was a participant in the Section 8 Housing Program for low-income tenants administered by the Housing Authority of Maricopa (herein referred to as "HAMC"). Plaintiff was a tenant residing at 13039 West Via Camille Drive in El Mirage, (herein referred to as "the property or the residence") and was receiving a subsidized housing voucher through the Housing Authority of Maricopa County. The monthly subsidy for rent from HAMC was $881.00. Plaintiff resided at the property with her two children, ages three and five years old from December of 2009 to October of 2010. HAMC terminated Plaintiff from the housing program in violation of her right to due process of law. The termination was based on a Forcible Detainer Eviction Judgment dated October 20, 2010.

This judgment was satisfied in December of 2010. HAMC mailed a Notice of Termination on October 25, 2010 to Plaintiff. The Notice of Termination provides that if the Plaintiff disagreed, she could request a hearing within 10 days. On November 1, 2010, Plaintiff requested a hearing, six days after receiving the Notice of Termination. On numerous occasions, Plaintiff has demanded that she be provided her right to due process of law prior to being terminated from the program. Plaintiff initiates this action for actual and statutory damages due to Defendant's unlawful termination from the Section 8 program. 24 C.F.R. § 982.555. In addition, Plaintiff initiates this action to have her voucher reinstated immediately. *Goldberg v. Kelly*, 397 U.S. 254, 264 90 S. Ct. 1011, 1019 (1970).

**PARTIES**

Ms. Waleska Gonzalez ("Plaintiff") lived at a private residence located at 13039 West Via Camille Drive in El Mirage with her two young children.

Defendant Maricopa County Board of Supervisors is responsible for HAMC policy and provides general oversight and administrative direction for the organization. In addition, they provide for the ongoing management of the HAMC through the office of the HAMC Executive Director.

Defendant HAMC, Section 8 Housing Department, is a federally-funded public housing authority organized pursuant to state enabling legislation, for the purpose of providing decent, safe and sanitary low-cost housing to moderate and lower income families and individuals. Defendant HAMC is a county agency and is subject to the provisions and requirements of federal law governing the Section 8 Housing Voucher Program set forth under Section 8 of the United States Housing Act of 1937, 42 U.S.C. § 1437(f), and the regulations promulgated thereunder at 24 C.F.R. Part 982.

Defendant Gloria Munoz is the Executive Director of Defendant HAMC and is responsible for the operation and administration of the Maricopa County Section 8 Housing Voucher Program. Defendant Munoz is sued in her official capacity.

/ / /

**JURISDICTION AND VENUE**

Plaintiff alleges claims against Defendants under Section 8 of the United States Housing Act of 1937, and the regulations promulgated thereunder. Therefore, jurisdiction is conferred on this Court by 28 U.S.C. § 1331 in that this is a federal question arising under the laws and Constitution of the United States, and 28 U.S.C. § 1343(a)(3) and (4) to redress the deprivations, under color of state law, of rights secured by the Fourteenth Amendment to the United States Constitution and for violation of the civil rights of Plaintiff.

Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Plaintiffs claims arose in this district.

Plaintiff's claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202.

**STATUTORY AND REGULATORY FRAMEWORK**

**Section 8 of the United States Housing Act of 1937,**

**42 U.S.C. § 1437f As Amended**

Congress created the Section 8 housing assistance program under the Housing and Community Development Act of 1974. The Program, enacted as Section 8 of the United States Housing Act of 1937, is codified at 42 U.S.C. § 1437f. The United States Department of Housing and Urban Development (HUD) has promulgated regulations implementing the program at 24 C.F.R. Part 982. The Section 8 Tenant-Based Housing Choice Voucher Program is one of several rent subsidy programs aiding lower income families commonly known as "Section 8".

Pursuant to 42 U.S.C. § 1437f(a), the purpose of all the Section 8 programs, including the Section 8 Housing Choice Voucher Program, is to aid "lower income families in obtaining a decent place to live and of promoting economically mixed housing . . ." 42 U.S.C. § 1437f(a). The voucher program is designed to aid low-income families by providing rent subsidies to enable them to rent units existing in the private rental housing market.

The federal government, through the U.S. Department of Housing and Urban Development ("HUD"), allocates funds to local public housing agencies ("PHAs") throughout the nation to administer the Section 8 Program. In administering the program, the PHAs are bound to comply with federal regulations governing the Section 8 Program. See 24 C.F.R. § 982.151(a).

## STATEMENT OF FACTS

1. Ms. Waleska Gonzalez ("Plaintiff") lived at a private residence located at 13039 West Via Camille Drive in El Mirage, through a Section 8 subsidized housing voucher provided by the Housing Authority of Maricopa County ("HAMC" or "Defendants"). Plaintiff lived at this residence with her two children ages three and five years old. Plaintiff lived at this residence from December of 2009 to October 21, 2010. **See Attached Exhibit A**.

2. On October 20, 2010, Ms. Gonzalez' former landlord obtained a forcible detainer judgment against her. **See Attached Exhibit B**.

3. On October 25, 2010, HAMC sent Ms. Gonzalez a letter stating that her housing assistance was to be terminated because she failed to pay her tenant portion of rent and late fees which led to an eviction, which the Plaintiff disputed and has since resolved. This letter stated that if she disagreed with her termination, she had 10 days to request a hearing. **See Attached Exhibit C**.

4. On October 27, 2010, HAMC sent Ms. Gonzalez a letter confirming that as of March, 2010, and at the time of the eviction in October of 2010, her tenant portion of the rent was zero. **See Attached Exhibit D**.

5. On November 1, 2010 (six days from the date of the letter of termination), Ms. Gonzalez filed her written request for an informal hearing with HAMC. **See Attached Exhibit E**.

6. On November 3, 2010, Ms. Gonzales, through Community Legal Services ("CLS"), requested the issuance of her housing voucher. **See Attached Exhibit F**.

/ / /

1        7.    Subsequently, on November 9, 2010, a certified letter was sent to HAMC to
2  request Ms. Gonzalez's housing voucher. **See Attached Exhibit G**.

3        8.    On November 15, 2010, HAMC responded by refusing to issue
4  Ms. Gonzalez's housing voucher, claiming that the "termination [was] based on the
5  eviction due to non-payment of monies owed to the landlord." HAMC further stated
6  "[a]lthough it does state 'rent' on the termination notice, the judgment was not specific as
7  to which month of tenant rent was unpaid." **See Attached Exhibit H**.

8        9.    On November 17, 2010, Ms. Gonzales, through First Class mail and E-mail
9  by CLS, again requested her voucher, or in the alternative, that an informal hearing be
10 immediately set. **See Attached Exhibit I**.

11       10.    On November 17, 2010, HAMC again refused to issue Ms. Gonzalez'
12 housing assistance voucher and offered an informal hearing to Ms. Gonzalez, but no date
13 or time was ever scheduled or published. **See Attached Exhibit J**.

14       11.    On November 17, 2010, Ms. Gonzalez, through CLS, again reminded
15 HAMC that Plaintiff had already requested an informal hearing, in writing, more than
16 three weeks earlier, on November 1, 2010. Another copy of Ms. Gonzalez' hearing
17 request was provided to HAMC. **See Attached Exhibit K**.

18       12.    On November 18, 2010, HAMC promised to schedule an informal hearing.
19 Again, no date or time was scheduled or published. **See Attached Exhibit L**.

20       13.    On November 23, 2010, Ms. Gonzalez, through CLS, provided HAMC
21 (based on the November 15 letter from HAMC) with a copy of a receipt and a letter from
22 Ms. Gonzalez' former landlord which acknowledged that Ms. Gonzalez had paid the
23 judgment in full. Ms. Gonzalez again requested her voucher. **See Attached Exhibit M**.

24       14.    On December 6, 2010, Ms. Gonzalez, through CLS, again requested for her
25 voucher, or in the alternative, that an informal hearing be scheduled immediately.
26 HAMC did not respond. **See Attached Exhibit N**.

27       15.    On December 7, 2010, Ms. Gonzalez, through CLS, provided HAMC with
28 a copy of the court docket showing that the eviction judgment had been satisfied and

- 5 -

1  resolved. Again, Plaintiff requested her voucher. HAMC did not respond. **See Attached**
2  **Exhibit O**.

3      16.   Despite repeated requests, there has been no communication from HAMC
4  to Ms. Gonzalez or CLS since HAMC promised to schedule an informal hearing on
5  November 18, 2010.

6      17.   As of the date of this filing, HAMC has not issued Ms. Gonzalez' housing
7  voucher nor set an informal hearing date.

## COUNT I

## Violation of Section 8 of the United State Housing Act,
## 42 U.S.C. ' 1437f As Amended

11      18.   Plaintiff incorporates and realleges the foregoing paragraphs as if fully set
12  forth herein.

13      19.   By failing to grant a hearing to Plaintiff, Defendants violated 42 U.S.C.
14  § 1437f, 24 C.F.R. § 982.555, 42 U.S.C. § 3604(f), and 42 U.S.C. § 1983.

15      20.   Pursuant to 24 C.F.R. § 982.551(e), HAMC provided the Plaintiff with a
16  notice of termination dated October 25, 2010.  (**See Attached Exhibit C**.)  Plaintiff, on
17  November 1, 2010, timely responded with a written request for her informal hearing.
18  (**See Attached Exhibit E**.)   Although on November 18, 2010, HAMC stated that an
19  informal hearing would be scheduled (**See Attached Exhibit L**), no date or time was
20  ever published or scheduled. Plaintiff has requested during this time, four requests for her
21  informal hearing, and to date, no such hearing has been granted and yet her housing
22  voucher has been terminated. HAMC unlawfully terminated Plaintiff without due process
23  of law. Plaintiff has been damaged and seeks a reinstatement in accordance with the
24  regulations governing her voucher.

25  / / /
26  / / /
27  / / /
28  / / /

- 6 -

## COUNT II

### Violation of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. ' 1983

21. Plaintiff incorporates and realleges the foregoing paragraphs as if fully set forth herein.

22. Congress enacted the United States Housing Act of 1937, 42 U.S.C. § 1437, *et seq.*, to assist low-income individuals, such as Waleska Gonzalez, in obtaining adequate housing. Plaintiff, therefore, possesses a property interest in Section 8 vouchers sufficient to state a due process claim. *See Goldberg v. Kelly*, 397 U.S. 254.

23. By failing to permit Plaintiff an opportunity to be heard and taking away her housing entitlement, absent that hearing, has deprived her of her due process rights. Defendants are acting to deprive Plaintiff of her property interest without adequate procedural due process in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983. Plaintiff requests immediate reinstatement and a voucher be issued. *See Goldberg v. Kelly*, 397 U.S. 254, 90 S. Ct. 1011, 25 L. Ed. 2d 287 (1970); 42 U.S.C. § 360; 24 C.F.R. §§ 982.555(a)(2) and 982.554(b)(1). Plaintiff has been damaged by the actions of HAMC and seeks redress by this Court to immediately reinstate her housing voucher. Plaintiff also seeks damages incurred and damages that continue to be incurred as a direct and proximate result of the unlawful actions by Defendants.

## COUNT III

### Injunctive relief is proper in this case.

24. Plaintiff incorporates and realleges the foregoing paragraphs as if fully set forth herein.

25. Plaintiff is, and continues to be, irreparably harmed due to the direct and proximate cause and actions and inactions of the Defendants. Plaintiff continues to be irreparably harmed as a result of Defendants' termination of her housing voucher in violation of her rights to due process of law.

- 7 -

COMMUNITY LEGAL SERVICES
CENTRAL OFFICE • HOUSING UNIT
305 South Second Avenue
Phoenix, Arizona 85003-2402
(602) 258-3434 • FAX (602) 254-3957 • TDD (602) 254-9852

26. There is no adequate remedy at law to address the harm to Plaintiff resulting from Defendants' wrongful acts.

27. Plaintiff requests that this Court issue preliminary and permanent injunctions enjoining Defendants from continuing to have her removed from the housing assistance program and to immediately reinstate her voucher.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court will:

1. Enter a declaratory judgment that the actions and inactions of Defendants in terminating Plaintiff's housing assistance in violation of her right to due process of law, violated 42 U.S.C. § 1437f, 24 C.F.R. § 982.555, 42 U.S.C. §§ 3604(f), and 1983.

2. Enter a declaratory judgment against Defendants that their actions in taking away Plaintiff's housing voucher without a hearing constituted a violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

3. Issue a preliminary and permanent injunction enjoining Defendants from continuing to have Plaintiff terminated from the Section 8 Housing Program and to reinstate her voucher immediately.

4. Award costs to Plaintiff and reimburse her for any expenses she had to incur due to the termination of her housing voucher.

5. Award attorneys fees to Plaintiff.

6. Award compensatory damages for denial of her right to due process of law in an amount to be proven at trial.

7. Any other and such relief as may be deemed just and proper under the circumstances

/ / /

/ / /

/ / /

/ / /

/ / /

8. PLAINTIFF HEREBY DEMANDS A JURY TRIAL.

**DATED** this 14th day of April 2011.

                                                    COMMUNITY LEGAL SERVICES

By   *s/ Michael S. Somsan*
      Michael S. Somsan
      Jeffrey Kastner
      Attorneys for Plaintiff

I hereby certify that on April 19, 2011, I electronically transmitted the attached ORIGINAL document to the United States District Court Clerk's Office using the CM/ECF System for filing.

By  *s/ Karen L. McGettrick*

COMMUNITY LEGAL SERVICES
CENTRAL OFFICE • HOUSING UNIT
305 South Second Avenue
Phoenix, Arizona 85003-2402
(602) 258-3434 • FAX (602) 254-3957 • TDD (602) 254-9852

# VERIFICATION

STATE OF ARIZONA )
                 ) ss.
County of Maricopa )

**WALESKA GONZALEZ**, being first duly sworn upon her oath, deposes and says:

That she is the plaintiff in the above entitled and numbered action; that she has read the foregoing Complaint attached to this Verification and knows the contents thereof; that all of the allegations therein contained are true in substance and in fact to the best of her knowledge, except as to those matters alleged upon information and belief, and, as to those matters, she believes them to be true.

_/s/ Waleska Gonzalez_
**WALESKA GONZALEZ**

**SUBSCRIBED AND SWORN** to before me this __14th__ day of April 2011, by **WALESKA GONZALEZ,**

_/s/ Karen S. Stuart_
Notary Public

Commission Expiration Date/Seal:
6/20/2012



KAREN S. STUART
Notary Public - Arizona
Maricopa County
My Comm. Expires Jun 20, 2012

- 10 -